Weldon, J.,
delivered the opinion of the court:
On January 2, 1900, the attornejr for the claimant made a motion for the issuance of a certificate to the Secretary of the Treasury, that the said Francis Parsons, administrator, aforesaid, represents the next of kin, and that the claim is not held by an assignment or owned by an insurance company.
The defendant replies to tho motion “that the decedent, John Caldwell, is indebted to the United States in the sum of $1,349.57, with interest to date (See Ex. Doc. No. 287, 20th Cong., 1st sess., p. 21), from which the identity of John Caldwell sufficiently appears, and that the claimant is not entitled to recover from the United States more than the surplus over the debt due the Government.”
Without passing on the question as to whether the John Caldwell mentioned in the reply of the defendant is the identical person who is mentioned as the decedent in this proceeding, we proceed to consider the rights of tho parties on the motion of the claimant and the objections of the defendant.
Under the act approved March 3, 1899, making appropriations to pay French spoliation claims as found by the Court of Claims under “An act to provide for the ascertainment of claims of American citizens for spoliations committed by the French prior to tho 31st day of Juty, 1801” (23 Stat. L., 283), the- sum of $680.56 is appropriated in payment of the claim of John Caldwell, the decedent of John C. Parsons, administrator, and who is the predecessor of Francis Parsons, the present administrator, who makes the motion for a certificate of the next of kin. In the act making the appropriation it is provided, “That in all cases where the original sufferers were adjudicated bankrupts the awards shall be made on behalf of the next of kin instead of assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin, and the courts which granted tho administrations, respectively, shall have cei’tified that the legal representatives have given adequate security for the legal disbursements of the awards. ”
*395 In this case tbe evidence shows that the present administrator represents the next of kin, and that the case was brought and prosecuted at the instance and request of such kin.
Under this proviso of the statute the court has but one duty to perform, and that is to determine from the evidence whether the personal representative, on whose behalf the award is made, represents the next of kin.
If the United States have a counterclaim or set-off against the- decedent, that matter can not be litigated and determined on the motion for a certificate under, the act of March 3,1899, but must be relegated to the Department having jurisdiction of the subject-matter of the alleged set-off.
This court has said:
“It is among the general duties of the Treasury Department, through the accounting officers, to settle all claims and demands by and against the United States, and in proper cases to set off one against the other when the Government is both debtor and creditor of the same party.” (Taggart's Case, 17 C. Cls. R., 323; Bonnafon's Case, 14 C. Cls. R., 489; Rev. Stat., secs. 236, 1766; act of March 3, 1875, ch. 149, Sup. Rev. Stat., 185; Howe's Case, 24 C. Cls. R., 170.)
It will be seen by these decisions and citation of the statutes that the Treasury is in the possession of adequate power to guard the United States against the payment of judgments or claims when there exists in the Department a demand against the claimant which is a proper subject of set-off.
. W e decide nothing affecting the rights of the parties as they may exist in the Treasury Department, but simply our duty as to allowance of the certificate, which is hereby ordered.